UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CRARY,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                Defendants. | CASE NO. 3:24-CV-5666-TMC<br><br>ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

The District Court has referred Plaintiff James M. Crary's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On August 15, 2024, Plaintiff filed a proposed civil complaint and, on August 28, 2024, he filed a completed application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1; 9.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states he is unemployed and a review of his Application to Proceed IFP shows he cannot afford the filing fee. *See* Dkt. 9.

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 1

**Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to allege that Defendants, the State of Washington, the Lieutenant Governor, and the Secretary of State, are required to sue the Beatles and Yoko Ono "under duress of terrorism." *See* Dkt. 9-2.

**Legal Standard.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when the number, content, frequency, and disposition of a litigant's filings show an abusive pattern.") (internal quotations omitted).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 2

*see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). It is unclear under what federal statute Plaintiff brings the proposed complaint. *See* Dkt. 9-2. Plaintiff is suing the State of Washington and State of Washington officials. It appears Plaintiff is

requesting this Court order Defendants to sue the Beatles and Yoko Ono. Thus, it appears Plaintiff is requesting the Court issue a writ of mandamus to compel a state official to take action.

A district court has the authority to issue all writs, including writs of mandamus, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). Section 1651(a) does not provide a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The district court also has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the *United States or any agency thereof* to perform a duty ..." 28 U.S.C. § 1361 (emphasis added).

A petition for mandamus to compel a state official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties). Because Plaintiff appears to be attempting to obtain a writ in this Court to compel the State of Washington and its officials to act, this Court lacks jurisdiction and the proposed complaint is "frivolous as a matter of law." *Demos*, 925 F.3d at 1161-62.

Furthermore, Plaintiff has filed multiple exhibits possibly in an attempt to state a claim. *See* Dkts. 7, 8, 9-3, 9-4, 9-5, 9-6. This is not sufficient to state a claim and the Court declines to consider exhibits and attachments as a replacement for a well-pled complaint. In sum, Plaintiff

has failed to provide clarity regarding the nature of his claims sufficient to show he is entitled to relief.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). At this time, the Court finds it is improbable Plaintiff can cure the deficiencies of his proposed complaint. However, in an abundance of caution, the Court will grant Plaintiff an opportunity to amend his proposed complaint to try to state a claim. Plaintiff's proposed amended complaint, if any, should be filed on or before October 4, 2024.

**Decision on Application to Proceed IFP**.  A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 9) to October 4, 2024.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 9) is **RENOTED** to **OCTOBER 4, 2024;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **OCTOBER 4, 2024**.

Dated this 5th day of September, 2024.

David W. Christel
United States Magistrate Judge