UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES CRARY,

                Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 3:24-CV-5666-TMC

REPORT AND RECOMMENDATION

Noting Date: October 14, 2024

       The District Court has referred Plaintiff James M. Crary's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On August 15, 2024, Plaintiff filed a proposed civil complaint and, on August 28, 2024, he filed a completed application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1; 9.

       The Court screened his IFP application and proposed complaint and found the proposed complaint failed to state a claim upon which relief could be granted. Dkt. 12. The Court directed Plaintiff to file an amended complaint on or before October 4, 2024. On September 11, 2024, Plaintiff filed a letter with the Court stating he is not withdrawing his proposed complaint and

REPORT AND RECOMMENDATION - 1

provided additional information to "clarify" his claims. Dkt. 15. Based on Plaintiff's letter, the Court concludes Plaintiff will not be filing an amended complaint. The Court has now reviewed the proposed complaint and Plaintiff's September 11 letter ("the letter") and finds Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court recommends Plaintiff's application to proceed IFP (Dkt. 9) be denied and this case be dismissed for failure to state a claim.

**Review of the Complaint.**  Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to allege that Defendants, the State of Washington, the Lieutenant Governor, and the Secretary of State, are required to sue the Beatles and Yoko Ono "under duress of terrorism." *See* Dkt. 9-2. In the letter, Plaintiff states that the State of Washington has failed to meaningfully intercede against the "Geffen klan," which "can only indicate organized crime in Washington of an absolutely horrible dimension." Dkt. 15. Plaintiff directs the Court to his "tables." *Id*.

**Legal Standard.**  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order

REPORT AND RECOMMENDATION - 2

to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when the number, content, frequency, and disposition of a litigant's filings show an abusive pattern.") (internal quotations omitted).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

REPORT AND RECOMMENDATION - 3

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff's proposed complaint is difficult to comprehend. First, Plaintiff has not sufficiently articulated how this Court has jurisdiction to hear his claim. Plaintiff states the basis for jurisdiction is federal question, but he fails to identify a federal statute, treaty, or provision of the Constitution on which his claim is based. *See* Dkt. 9-2. It appears Plaintiff is requesting this Court order Defendants, the State of Washington and State of Washington officials, to sue the Beatles and Yoko Ono. Thus, it appears Plaintiff is requesting the Court issue a writ of mandamus to compel a state official to take action. However, as detailed in the Court's previous Order (Dkt. 12), a petition for mandamus to compel a state official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties). Because Plaintiff appears to be attempting to obtain a writ in this Court to compel the State of Washington and its officials to act, this Court lacks jurisdiction and the proposed complaint is "frivolous as a matter of law." *Demos*, 925 F.3d at 1161-62.

REPORT AND RECOMMENDATION - 4

Second, the allegations giving rise to this case seem to have occurred decades ago and appear to be barred by any potential statute of limitations. Third, Plaintiff has not sufficiently alleged the wrong-doing of any defendant. Finally, the Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston*, 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication the State of Washington has waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to the State of Washington. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

The Court notes that Plaintiff has filed multiple exhibits possibly in an attempt to state a claim. *See* Dkts. 7, 8, 9-3, 9-4, 9-5, 9-6, 13, 14. This is not sufficient to state a claim and the Court declines to consider exhibits and attachments as a replacement for a well-pled complaint. However, the Court reviewed the exhibits and does not find the exhibits cure the deficiencies of the proposed complaint and the letter. In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show he is entitled to relief.

REPORT AND RECOMMENDATION - 5

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff has been given leave to amend his proposed complaint and the Court instructed Plaintiff regarding the deficiencies of his proposed complaint. *See* Dkt. 12. Moreover, it does not appear Plaintiff can cure the deficiencies of his proposed complaint and the letter. Therefore, the Court recommends Plaintiff not be given additional leave to amend. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed complaint fails to state a claim and is frivolous, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 9) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 9) be denied and this case be dismissed for failure to state a claim.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

1  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
2  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be
3  ready for consideration by the District Judge on **October 14, 2024**.

4  Dated this 23rd day of September, 2024.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7